FARMER, Judge,
dissenting.
Appellant was charged with murder of one person, and attempted murder and robbery of another person. To say that all three crimes were committed as part of a single criminal episode is to imprint one’s own sense of order on loosely connected and ostensibly unrelated events. After the state noticed its intent to offer evidence of other crimes, defendant moved in limine to exclude evidence of the other crimes at trial on the murder charge, which the trial judge denied. He also moved to sever the murder charge from the two others, and that too was denied.
Nevertheless, when the state rested its case, the judge granted a judgment of acquittal on the attempted murder and robbery charge. The jury returned a verdict of guilty, but only of the lesser included charge of second degree murder. The issue on this appeal is whether appellant’s conviction was improperly influenced by the state's insistence in trying the unrelated attempted murder and robbery of X with the charge of premeditated murder of Y.
*171 I am heavily influenced by the judge’s directed acquittal of the charges based on the “other crimes” evidence. I also cannot avoid the import of the jury’s conviction only on the lesser included offense of second degree murder, thereby exonerating the defendant of premeditation. These two circumstances mean that I cannot say beyond a reasonable doubt that the jury was not affected by the other crimes evidence of the charges for which the defendant was acquitted, in finding him guilty.
I grant that the trial judge has broad discretion in deciding whether to sever one charge from another. I also agree that motions in limine of other crimes evidence are directed to the trial judge’s discretion, the primary issue being one of undue prejudice. Initially he could properly have denied both motions to await proof at trial.
In this case, however, when the trial judge saw that the evidence at trial of the other crimes was so insufficient that he could not permit those charges to go to the jury, I think he should have declared a mistrial and empaneled a new jury to try the remaining charge. To do as the court did here is to place too much dependence on the jury’s ability to separate the good from the bad. It is to strain human nature to expect that they will consider solely the evidence relevant to the only charge allowed to go to them for a decision.
In the end, I am unable to say confidently that the process was fair. I am thus required to dissent.